FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 13, 2026

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TARA P.,[1] <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No: 4:24-CV-05063-LRS <br><br> ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS |

BEFORE THE COURT are the parties' briefs. ECF Nos. 8, 12. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Chad Hatfield. Defendant is represented by Special Assistant United States Attorney Jacob P. Phillips. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below,

---

[1] The Court identifies a plaintiff in a Social Security case only by the first name and last initial to protect privacy. See Local Civil Rule 5.2(c).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER PROCEEDINGS - 1

Plaintiff's brief, ECF No. 8, is granted in part and Defendant's brief, ECF No. 14, is denied.

## JURISDICTION

Plaintiff Tara P. (Plaintiff), filed for supplemental security income (SSI) on April 9, 2021, and alleged an onset date of January 1, 2021.  Tr. 171-80.  Benefits were denied initially, Tr. 90-94, and upon reconsideration, Tr. 103-05.  Plaintiff appeared at a hearing before an administrative law judge (ALJ) on August 15, 2023.  Tr. 43-68.  In September 2023, the ALJ issued an unfavorable decision, Tr. 22-42, and in April 2024, the Appeals Council denied review.  Tr. 1-6.  The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 29 years old at the time the application was filed.  Tr. 36.  She has a high school education. Tr. 418. She has worked as a bartender, caregiver, waitress/cook, and salesclerk, cashier, and door greeter.  Tr. 203. She testified that she experiences significant symptoms from back and neck pain, knee pain and swelling, headaches, and arm pain with use. Tr. 46-52. She takes medication that causes fatigue, drowsiness, and occasional dizziness. Tr. 52. She has tachycardia and heart palpitations which cause lightheadedness and sometimes dizziness daily. Tr.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER PROCEEDINGS - 2

53. She sometimes needs to lie down up to several times a day for back pain, headaches, fatigue, or dizziness. Tr. 48, 49-50, 52-53, 55. She has social anxiety and depression. Tr. 58.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 3

decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER PROCEEDINGS - 4

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 5

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 6

**ALJ'S FINDINGS**

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 9, 2021, the application date.  Tr. 27.  At step two, the ALJ found that Plaintiff has the following severe impairments: lumbar and cervical degenerative disc disease; degenerative joint disease of the bilateral knees; tachycardia; and obesity.  Tr. 27.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 30.

The ALJ then found that Plaintiff has the residual functional capacity to perform sedentary work with the following additional limitations:

> She can stand and walk 15 minutes at a time, for 2 hours total in combination in an 8-hour workday; she can occasionally perform all postural activities; she can frequently push and pull with her upper extremities; she can occasionally reach overhead, and frequently reach in other directions; she can frequently finger; she can have no more than frequent exposure to hazards (e.g., unprotected heights, moving mechanical parts).

Tr. 31.

At step four, the ALJ made no finding regarding Plaintiff's capacity for past relevant work.  Tr. 36.  At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that the claimant can perform such as document preparer, election clerk, and escort vehicle driver.  Tr. 37.  Thus, the ALJ found that Plaintiff has not

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 7

been under a disability within the meaning of the Social Security Act since April 9, 2021, the date the application was filed.  Tr. 37.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying supplemental security income under Title XVI of the Social Security Act.  ECF No. 8.  Plaintiff raises the following issues for review:

1.    Whether the ALJ properly considered the medical opinion evidence;

2.    Whether the ALJ properly evaluated the symptom testimony; and

3.    Whether the ALJ conducted an adequate analysis at step five.

ECF No. 8 at 5.

## DISCUSSION

**A.    Medical Opinion Evidence**

Plaintiff contends the ALJ improperly evaluated the opinion of Justin Olswanger, D.O. ECF No. 8 at 8-13. Plaintiff contends the ALJ's reasoning was incorrect, that Dr. Olswanger's opinion is consistent with the record, and that the ALJ failed to consider Dr. Olswanger's assessment that she must lie down or elevate her legs for 1-2 hours per day.

The regulations provide an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 416.920c(a) and (b).  Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 8

prior administrative findings, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. § 416.920c(b)(2).  The ALJ may, but is not required, to explain how other factors were considered.  20 C.F.R. § 416.920c(b)(2); *see* 20 C.F.R. § 416.920c(c)(1)-(5).

In evaluating supportability, the more relevant the objective medical evidence and supporting explanations provided by a medical source to support his or her opinion, the more persuasive the medical opinion will be.  20 C.F.R. § 416.920c(c)(1)-(2).  In evaluating consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion will be.  20 C.F.R. § 416.920c(c)(1)-(2).

Dr. Olswanger completed a Medical Report form in October 2022. Tr. 696-98. He diagnosed back pain, anxiety, and neuropathy, noting symptoms of chronic lower back pain, anxiety, and nerve pain in the legs. Tr. 696. He indicated Plaintiff has to lie down or elevate her legs during the day for one to two hours, and her legs must be bent to restore circulation. He noted her medication causes drowsiness. Tr. 696. He opined that "regular physical labor would be difficult," and that Plaintiff would miss more than four days of work per month if working a 40-hour workweek due to chronic pain and anxiety. Tr. 696-97. He assessed limitations of sedentary work with occasional use of the upper and lower extremities and indicated that the cumulative

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 9

effect of all limitations would cause Plaintiff to be off task and unproductive more than 30 percent of the time during a 40-hour workweek. Tr. 697.

The ALJ found Dr. Olswanger's opinion regarding the limitation to sedentary work persuasive but rejected the remainder of the opinion.  Tr. 35. The ALJ found: (1) the opinion regarding future absences "nothing more than opinions that the claimant can't work at times, which address an issue reserved to the commissioner, and so are inherently neither valuable or persuasive"; (2) to the extent the opinion regarding absences and time off task are based on Plaintiff's mental health, the opinion is contradicted by the exam results of Mr. Marendiuk and the opinions of the state agency consultants; (3) the portion of the opinion related to Plaintiff's use of her upper extremities is not consistent with the record including Ms. Kelton's opinion, few complaints in the record, and no documented extremity deficits.

Plaintiff observes that missing from the ALJ's analysis is any reason for rejecting Dr. Olswanger's assessment that Plaintiff has to lie down with her legs bent or sit with her legs raised for one to two hours per day to restore circulation. The ALJ acknowledged that Plaintiff testified her legs go numb randomly and she gets pins and needles in her legs, Tr. 31; she alleged nerve damage to her lower back, hips and legs, Tr. 32; the record reflects a slight limp and a diagnosis of bilateral lumbar radiculopathy, Tr. 404, 409; and at least two exams finding of decreased strength and loss of sensation in the right thigh, Tr. 34, 409, 662.  Plaintiff also testified that she must lie down and elevate her legs two to three times per day for 40

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 10

minutes at a time for circulation and to relieve pressure. Tr. 48-49. Thus, there appears to be at least some findings which might support Dr. Olswanger's opinion regarding the need for Plaintiff to elevate her legs.

Furthermore, the vocational expert testified that a limitation requiring elevation of the legs at least above waist height is "really kind of hard to accomplish and still perform work." Tr. 66. This suggests that if Dr. Olswanger's opinion that Plaintiff needs to elevate her legs for one to two hours per day were credited, the result might be a finding that Plaintiff cannot perform work.[2]

Defendant restates the medical evidence and argues the record does not support Dr. Olswanger's leg elevation limitation.  ECF No. 12 at 4. The Court is constrained to review only those reasons asserted by the ALJ.  *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003); *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). The ALJ's failure to address Dr. Olswanger's opinion that Plaintiff needs to elevate her legs daily is error.  The supportability of the opinion, its impact on the RFC, and the application of the vocational expert's testimony on this issue are all matters for the ALJ to determine on remand.

---

[2] It is not apparent from the record whether such a limitation could be addressed outside of working hours, which is matter for the ALJ's consideration.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 11

Additionally, the ALJ incorrectly found that Dr. Olswanger's opinion that Plaintiff would miss four or more days of work per month is an issue reserved to the Commissioner. Although the ultimate issue of disability is reserved to the Commissioner, the ALJ must consider a medical opinion as to a claimant's functional limitations. *See* 20 C.F.R. § 416.913(b)(6) (providing that a medical opinion is "a statement about what you can still do despite your impairment(s)"). An opinion about the ability to maintain attendance is a functional assessment. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1196 (9th Cir. 2008) (indicating a physician gave a "functional assessment" when concluding the claimant "would not be able to maintain regular attendance in the work place due to extreme anxiety and continuing depression"). The Commissioner recognizes that the ability to maintain regular attendance and the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms are mental abilities needed for any job. Social Security Administration Program Operations System Manual (POMS), DI 25020.010(B)(2)(a). Dr. Olswanger did not opine that Plaintiff was disabled but made a functional assessment that her impairments would cause her to be off task and miss work. Accordingly, the ALJ's reasoning is erroneous.

The ALJ also rejected Dr. Olswanger's opinion because it is "asserted in a checkbox form with minimal explanation and no references to the record or testing." Tr. 35. An opinion cannot be rejected simply because it is in checkbox form, although an ALJ may reject a checkbox form opinion that does not contain any

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 12

explanation of the basis for its conclusions. *See Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017) (quoting *Molina*, 674 F.3d at 1111). Here, Dr. Olswanger wrote explanatory comments about every question on the form. Tr. 696-98. His office visit notes from the same day provide further explanation. Tr. 659-62. This is not a sufficient basis to reject the opinion.

Due to the errors in evaluating Dr. Olswanger's opinion, this matter must be remanded for reconsideration.

**B.     Symptom Testimony**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).  Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted).

"General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 13

determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to produce his alleged symptoms, but his statements regarding the intensity, persistence, and limiting effects of such symptoms are not entirely consistent with the medical evidence and other evidence in the record. Tr. 32. The ALJ found: (1) Plaintiff's allegations of disabling symptoms are inconsistent with the objective evidence; (2) Plaintiff's treatment has been routine and conservative and not consistent with any disability; (3) Plaintiff's statements in the record are inconsistent with her testimony; (4) Plaintiff's daily activities reflect high functioning; and (5) Plaintiff has a weak work history for years before her alleged onset of disability. Tr. 33-34.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER PROCEEDINGS - 14

Plaintiff argues that the ALJ failed to provide valid reasons for discounting her subjective complaints. Because this case is remanded for reconsideration of Dr. Olswanger's opinion, the ALJ will also be required to re-evaluate Plaintiff's symptom statements on remand. The analysis of the ALJ's findings regarding Plaintiff's symptom testimony is dependent at least in part on the ALJ's evaluation of the medical evidence to be reconsidered.  On remand, the ALJ is instructed to conduct a new sequential analysis including reconsideration of Dr. Olswanger's opinion.

**C.    Step Five**

Plaintiff contends the ALJ erred at step five because the finding that there are jobs available that Plaintiff can perform was based on an incomplete hypothetical. ECF No. 8 at 19-20.   The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record which reflect all of a claimant's limitations.  *Osenbrook v. Apfel*, 240 F.3D 1157, 1165 (9th Cir. 2001). Plaintiff's argument is based on the assumption that Dr. Olswanger's opinion and the limitations therein would be credited. The weight to be accorded to the opinion is a matter for the ALJ on remand and the RFC and step five finding will likewise be reconsidered.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER PROCEEDINGS - 15

error. The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014). The ALJ must reconsider Dr. Olswanger's opinion and conduct a new five-step evaluation.

**Accordingly, IT IS HEREBY ORDERED:**

1. Plaintiff's Brief, **ECF No. 8**, is **GRANTED in part** regarding Plaintiff's request to remand the case for further proceedings and **DENIED in part** regarding Plaintiff's request that the Court determine an award of benefits is appropriate.

2. Defendant's Brief, **ECF No. 12**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** March 13, 2026.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER PROCEEDINGS - 16